# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00135-CV

**Ray Wolbrecht, Appellant**

**v.**

**Austin Community College District Public Facility Corporation and
Austin Community College District, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
### NO. D-1-GN-10-004441, HONORABLE GISELA D. TRIANA-DOYAL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Ray Wolbrecht filed suit in Hays County against the Austin Community College District (the "District") and Austin Community College District Public Facility Corporation (the "Public Facility Corporation") (collectively, "ACC") challenging an annexation election. Wolbrecht's suit was consolidated with an expedited declaratory judgment action for bond validation that was filed by ACC in Travis County. After the two cases were consolidated, the Travis County district court ordered Wolbrecht to post a security bond. After Wolbrecht failed to post a bond, the district court dismissed him from the case. Wolbrecht perfected this appeal from the dismissal order but complains only that the district court erred by consolidating the two suits. We will dismiss Wolbrecht's appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

In a November 2010 election, voters approved annexing the area constituting the Hays Consolidated Independent School District into the District's taxing jurisdiction. Wolbrecht sued ACC, asserting that it had not fulfilled statutory prerequisites for placing the annexation measure on the ballot.[1] *See* Tex. Educ. Code Ann. § 130.065 (West 2002). In response, ACC filed a bond validation suit in Travis County pursuant to the Expedited Declaratory Judgment Act (EDJA). *See* Tex. Gov't Code Ann. §§ 1205.001-.152 (West 2000). ACC requested expedited declaratory judgments regarding (1) the validity and legality of the annexation election, (2) the Public Facility Corporation's authority to issue bonds for constructing a Hays County campus, (3) the legality and validity of bonds for the Hays County campus, (4) affirmation of the District's boundaries following the election, and (5) the legality and validity of bond documents and actions taken in connection with the bonds and revenues pledged to secure them. In addition, ACC sought court orders (1) consolidating Wolbrecht's suit with ACC's bond validation suit, *see id.* §§ 1205.025, .061, and (2) requiring Wolbrecht to post a security bond to cover any damages or costs ACC might incur as a result of Wolbrecht's continuing opposition in the case. *See id.* §§ 1205.101-.104.

Pursuant to government code section 1205.061(b), the Travis County district court signed an order in January 2011 consolidating Wolbrecht's Hays County suit into ACC's Travis County suit. Shortly thereafter, the trial court ordered Wolbrecht to post a security bond, set the

---

[1] In its brief, ACC states that Wolbrecht's First Amended Petition also requested that ACC be enjoined from issuing bonds. ACC attached a copy of Wolbrecht's First Amended Petition to its brief. Although Wolbrecht does not dispute this assertion, the amended petition on which ACC relies is not part of the appellate record.

bond amount at $3 million, and ordered Wolbrecht to post the bond within eleven days or be dismissed from the case.

After Wolbrecht failed to post a bond, the district court dismissed him from the case. This appeal followed.

## STANDARD OF REVIEW

We use the de novo standard to review questions of law, including issues of statutory construction. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). When construing a statute, we first examine statutory language to determine legislative intent from the plain meaning of the words chosen. *Id.* If a statute is clear and unambiguous, we must apply the statute's words according to their common meaning without resorting to rules of construction or extrinsic aids. *Id.* We may also determine legislative intent by considering the objective of the law, the law's history, and the consequences of a particular construction. *Id.* If a statute's meaning is unclear, we read the statute as a whole and give effect to every part in our interpretation. *Phillips v. Bramlett*, 288 S.W.3d 876, 880 (Tex. 2009).

## DISCUSSION

Although Wolbrecht's appeal is from the district court's dismissal order, he challenges only that court's interlocutory order consolidating his case with ACC's case. In his notice of appeal, Wolbrecht asserts that he is "seeking to alter the trial court's judgment or other appealable order," that the "judgment or order appealed from was signed on February 3rd, 2011," and that he "desires to appeal the Order granting the '*Order on Motion to Dismiss*' signed on said date." The

record before this Court includes neither an order signed on February 3, 2011, nor an order on motion to dismiss. In a document labeled "Final Judgment" signed on February 22, 2011, however, the trial court acknowledged the prior dismissal of Wolbrecht's suit. There, the trial court stated that "claims and causes of action asserted by Ray Wolbrecht (which were consolidated into this proceeding by Order dated January 11, 2011) were dismissed on February 3, 2011, for failure to post the bond required by the Court pursuant to Tex. Gov't Code §§ 1205.101-1205.103."

Wolbrecht's case was consolidated with ACC's suit pursuant to government code section 1205.061(b), which provides:

> (b)  The court may:
>
>   (1)  order a joint trial on all issues pending in any other proceeding in a court in this state and the consolidation of the proceeding with the action under this chapter; and
>
>   (2)  issue necessary or proper orders to effect the consolidation that will avoid unnecessary costs or delays or a multiplicity of proceedings.
>
> (c)  An interlocutory order issued under this section is final and may not be appealed.

Tex. Gov't Code Ann. § 1205.061.

In his brief, Wolbrecht states that he is "asking the court to find an abuse of discretion based upon the face of the pleadings" because "[n]o record was made of the original consolidation hearing." Wolbrecht contends that he "did not waive the making of a record" and that "no reporter was instructed by the court to create a record" of that hearing. Accordingly, Wolbrecht argues that the trial court erred because "the face of the pleadings indicate that the Election Contest met no criteria for consolidation" under government code section 1205.061. He further contends that

4

"[a]llowing courts to consolidate Election Contests with Bond Validation suits deprives all but the wealthiest citizens of the right to contest elections."

In challenging the consolidation order, Wolbrecht does not complain of the trial court's order requiring him to post bond, nor does he complain about the amount of the bond. It is undisputed that he failed to post the required bond.[2] Government code section 1204.104(a) provides that "[t]he court shall dismiss an opposing party or intervenor who does not file a required bond before the 11th day after the date of the entry of the order setting the amount of the bond." *Id.* § 1204.104(a) (West 2000). In a recent case addressing the EDJA, this Court recognized that when a bond has not been posted as required, a court does not have jurisdiction to consider appellate issues beyond those relating to the security bond requirement. *See Hotze v. City of Houston*, Nos. 03-10-00423-CV, 03-10-00433-CV, 03-10-00497-CV, 2011 WL 1562910, at *8 (Tex. App.—Austin Apr. 22, 2011, no pet.). There, we stated that "failure to post the security bond triggered an EDJA provision that explicitly limits our jurisdiction to consider" other issues presented on appeal. *Id.* The provision referred to is government code section 1205.105(c), which provides in pertinent part:

(c)     If an appeal is not taken or if the appeal is taken and the order of the lower court is affirmed or affirmed as modified, and the required bond is not posted before the 11th day after the date of the entry of the appropriate order, *no*

---

[2] Government code section 1205.068 is titled "Appeals" and section 1205.105 is titled "Appeal." Neither section expressly addresses consolidation orders. Section 1205.068(a) provides that "any party to an action under this chapter may appeal . . . (1) an order entered by the trial court under Section 1205.103 [Amount of Bond] or 1205.104 [Failure to File Bond]; or (2) the judgment rendered by the trial court." Tex. Gov't Code Ann. § 1205.068(a) (West 2000). Although Wolbrecht's brief does not specifically reference any of these other sections, we note that he appeals from a dismissal order resulting from his failure to post a security bond.

> *court has further jurisdiction* over any action to the extent it involves an issue that was or could have been raised in the action under this chapter . . . .

Tex. Gov't Code Ann. § 1205.105(c) (emphasis added). We held in *Hotze* that "the EDJA's security bond provisions apply to both trial and appellate proceedings." 2011 WL 156910, at *5. Although the foregoing provision does not preclude an appellate challenge to issues related to the security bond, Wolbrecht makes no such challenge in the present case. Instead, he complains only about the interlocutory consolidation order. In the absence of a timely posted bond, we lack jurisdiction over such a complaint.

We also lack jurisdiction in this appeal for another reason. The consolidation order of which Wolbrecht complains was an interlocutory order issued pursuant to government code section 1205.061(b). Government code section 1205.061(c), however, provides that "[a]n interlocutory order issued under this section is final and may not be appealed." Wolbrecht's brief does not discuss this part of section 1205.061 or otherwise dispute this bar to his appeal. Because Wolbrecht complains only about the trial court's interlocutory consolidation order and because that order is final and not appealable, we lack jurisdiction over this appeal for that additional reason.

## CONCLUSION

Because Wolbrecht complains only of an interlocutory order that is final and not appealable, and because he has failed to post the required bond, we lack jurisdiction over his appeal. Accordingly, we dismiss this appeal for want of jurisdiction.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Dismissed for Want of Jurisdiction

Filed:   July 27, 2011